J-S15028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NICHOLAS PETER PAPPAS, III | |
| Appellant | No. 800 MDA 2014 |

Appeal from the PCRA Order of April 25, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No.: CP-38-CR-0000858-2010

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                    **FILED APRIL 01, 2015**

Nicholas Peter Pappas III appeals the April 25, 2014 order denying his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

> On July 14, 2008, a structure fire engulfed a multi-family apartment building located at 35 South Ninth Street in the City of Lebanon, leaving several residents and firefighters injured. Multiple fire departments were dispatched to combat the fire. Ultimately, the fire was brought under control, but not before the structure at 35 South Ninth Street was completely destroyed.
>
> After investigation, Pennsylvania State Police Fire Marshall Michael Yeity determined that the fire was a product of arson.  In addition, detectives discovered the charred remains of Kevin Robertson in close proximity to the point of origin of the fire. Detectives determined that the point of origin was located in an apartment rented to [Pappas], whose whereabouts were

unknown to police. Consequently, [Pappas] was publicly identified as a "person of interest" with respect to the fire.

Police obtained a security video from a store located near 39 South Ninth Street. This security video showed a white male matching [Pappas'] description leaving 35 South Ninth Street minutes before the fire was discovered. The white male walked toward the rear of 35 South Ninth Street to a Nissan sports car owned by David Hummel. The white male then entered the vehicle and drove away from the property.

On July 15, 2008, Officer Leonard Zacamy observed a Nissan sports car commit a traffic violation in Haddon Township, New Jersey. The Nissan was operated by [Pappas] at the time of the violation. Officer Zacamy had no knowledge of the fire in Lebanon and was not looking for [Pappas] as a suspect in any crime. When Officer Zacamy attempted to conduct a routine traffic stop, [Pappas] fled and initiated a high speed chase. Eventually, [Pappas] crashed his vehicle. He was hospitalized as a result of this crash. He was also charged with numerous crimes stemming from his attempt to flee from police in New Jersey. Once [Pappas] was identified, Haddon Township officials notified the Lebanon City Detective Bureau.

On July 16, 2008, Lieutenant Todd Breiner and Detective Randall Fields of the Lebanon City Police Department traveled to Haddon Township to meet with [Pappas]. [Pappas] was advised of his *Miranda*[1] rights. [Pappas] indicated that he understood his rights and signed a waiver. He then proceeded to tell police that decedent Kevin Robertson had died of a drug overdose while in his apartment several days before the fire. [Pappas] indicated that Robertson's body began to decompose and create a stench. [Pappas] stated that[,] in an effort to combat the smell, he poured gasoline on Robertson's body and lit it on fire.

Opinion and Order Dismissing Defendant's PCRA Petition ("PCRA Opinion"), 4/3/2014, at 2-6 (citations to notes of testimony omitted).

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

Pappas was convicted by a jury of numerous offenses[2] arising from the arson, and was sentenced to an aggregate term of thirty-nine to one hundred and four years' incarceration. On October 2, 2012, this Court affirmed Pappas' judgment of sentence. Pappas did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. On October 31, 2013, Pappas sent a handwritten letter to the Lebanon County Court of Common Pleas, which took the form of a motion entitled "Notice for time extension to file: Motion for Post Conviction Collateral Relief." The body of the letter reads as follows:

> Your Honor,
>
> I am asking for a time extension for the filing of my P.C.R.A. I am currently incarcerated at S.C.I. Greene. I am asking for more time. I have no representation at the present time. I will file myself or will ask the court for legal aide [*sic*] to help represent me. I thank you for your time.

Motion for Extension of Time to File Post Conviction Relief, 11/4/2013.

Pappas' letter was entered on the docket on November 4, 2013. On that same date, the clerk of courts sent Pappas a "case correspondence" regarding his letter, which instructed Pappas to resubmit the document with an accompanying proposed order, pursuant to Lebanon County Local Rule 6. The court took no further action on Pappas' letter. On December 23, 2013,

---

[2] The jury convicted Pappas of two counts of arson, two counts of aggravated assault, two counts of simple assault, one count of causing catastrophe, one count of criminal mischief, one count of abuse of a corpse, and ten counts of recklessly endangering another person.

Pappas filed a *pro se* PCRA petition. Pursuant to his request, Pappas was appointed counsel on December 30, 2013. Because Pappas' petition was facially untimely, the PCRA court issued Pappas a notice of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court issued this notice and an opinion in support of its order on April 3, 2014. Pappas filed a response on April 22, 2014, wherein he alleged that his petition "should be deemed timely as he tried to file a PCRA [petition] previously and it was returned by the Clerk of Courts." Defendant's Response to April 3, 2014 Court Order, 4/22/2014, ¶ 6. The PCRA court disagreed, and it dismissed Pappas' petition on April 25, 2014.

On May 8, 2014, Pappas timely filed a notice of appeal. On May 13, 2014, the PCRA court directed Pappas to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Pappas timely filed a concise statement on May 27, 2014. On May 29, 2014, pursuant to Pa.R.A.P. 1925(a), the PCRA court issued a statement directing this Court to its April 3, 2014 opinion, wherein the court addressed the issue that Pappas presently pursues.

Pappas raises the following issue for our review:

Whether the [PCRA] court erred when it denied [Pappas']
petition for untimeliness where [Pappas] mailed said petition
within the statutory time period?

Brief for Pappas at 4.

In reviewing the denial of a PCRA petition, we examine whether the PCRA court's determination is "supported by the record and free of legal error." *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014) (citation omitted). "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted). The PCRA provides that, unless the petitioner proves the existence of an exception to the timeliness requirement, any petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). For the purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

"The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Williams*, 105 A.3d 1234, 1239 (Pa. 2014) (citation omitted; bracketed material original). Jurisdictional time limitations "are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999).

- 5 -

In the case *sub judice*, this Court affirmed Pappas' judgment of sentence on October 2, 2012. Pappas did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. As such, his judgment of sentence became final on November 1, 2012.[3] Thus, the deadline for the filing of Pappas' PCRA petition was November 1, 2013. **See** 42 Pa.C.S. § 9545(b)(1). Pappas' earliest filing regarding PCRA relief was the letter that he sent to the Clerk of Courts, dated October 29, 2013, wherein Pappas requests more time to file a PCRA petition. While this letter was not docketed until November 4, 2013—three days beyond the statutory deadline—we deem Pappas' letter to have been filed on the October 31, 2013[4] pursuant to the "prisoner mailbox rule." **See Houston v. Lack**, 487 U.S. 266 (1988); **Smith v. Pennsylvania Bd. of Prob. & Parole**, 683 A.2d 278 (Pa. 1996). Thus, Pappas filed the letter before the expiration of the deadline imposed by the PCRA.

_____

[3] In his brief, Pappas incorrectly determined the date on which his judgment became final as November 9, 2012. Brief for Pappas at 9. November 9, 2012 was the date that this Court's opinion was listed on the docket, not the date on which Pappas' judgment of sentence was affirmed. Furthermore, Pappas' calculation does not take into consideration the thirty days allotted for a petitioner to seek allowance of appeal with our Supreme Court. **See** Pa.R.A.P. 1113(a).

[4] Pappas has provided the envelope in which his letter was mailed, which is stamped with the date October 31, 2013. This is sufficient proof of the date of mailing, because "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the [filing] with the prison authorities." **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997). Therefore, Pappas' letter was filed before the expiration of the time for filing a PCRA petition.

In his letter, Pappas did not address the merits of his case, but rather requested additional time for the preparation of a PCRA petition. The PCRA court, however, was without authority to grant Pappas more time to file his petition. "[T]he period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." **Commonwealth v. Ali**, 86 A.3d 173, 177 (Pa. 2014) (citation and internal quotation marks omitted). The timeliness of a PCRA petition implicates the court's jurisdiction and, thus, its competence to review the merits of a petitioner's claims. **See Williams**, 105 A.3d at 1239. Furthermore, the PCRA provides that "[n]o court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under this subchapter." 42 Pa.C.S. § 9545(a).

Because we conclude that Pappas' letter requested a form of relief that could not be granted, the remaining consideration is whether Pappas' letter, itself, should be construed as a timely filed PCRA petition. While Pappas does not expressly argue that his letter should be deemed to be a PCRA petition, the thrust of his argument is that he mailed the petition "within the statutory time period." Brief for Pappas at 8. Because the December 23, 2013 petition unquestionably was filed outside the statutory time period, this assertion can refer only to Pappas' October 31, 2013 letter. Regarding the judicial determination of whether a post-conviction filing should be

considered a PCRA petition, this Court has stated that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011) (citation omitted). However, this language suggests a greater degree of breadth than our jurisprudence in this area permits. A more precise formulation is that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition if it raises any sort of claim that is cognizable under the PCRA. ***See*** 42 Pa.C.S. § 9543(a)(2). This Court has explained:

> It is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition. However, a petition raising a claim for which the PCRA does not offer a remedy **will not** be considered a PCRA petition. Thus, the question then becomes whether petitioner had an available remedy under the PCRA.

***Commonwealth v. Deaner***, 779 A.2d 578, 580 (Pa. Super. 2001) (citations omitted; emphasis added).

The cases in which this Court has construed a post-conviction petition or motion to be a PCRA petition generally involve claims for which the PCRA could provide redress. ***See Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa. Super. 2013) (concluding that writ of *habeas corpus* should be treated as PCRA petition); ***Commonwealth v. Evans***, 866 A.2d 442, 444 (Pa. Super. 2005) (concluding that motion for reconsideration or modification of sentence should be treated as PCRA petition); ***Commonwealth v. Beck***, 848 A.2d 987, 989 (Pa. Super. 2004) (concluding

that collateral challenge to legality of sentence for failure to give credit for time served must be brought under the PCRA, despite being labeled as a petition for *habeas corpus*); ***Commonwealth v. Johnson***, 803 A.2d 1291, 1293 (Pa. Super. 2002) (concluding that motion to vacate sentence qualified as a PCRA petition); ***Commonwealth v. Guthrie***, 749 A.2d 502, 503 (Pa. Super. 2000) (concluding that motion to correct illegal sentence would be treated as PCRA petition). However, where a petition filed after the judgment of sentence becomes final requests a form of relief for which the PCRA provides no remedy, the petition will not be considered a PCRA petition. ***See, e.g., Deaner***, 779 A.2d at 580 (concluding that petition to transfer or modify sentence due to illness is not cognizable under the PCRA).

In the instant case, Pappas's letter did not raise any sort of claim for which the PCRA provides a remedy. ***See*** 42 Pa.C.S. § 9543(a)(2). In fact, Pappas' letter contains no substantive issues or arguments. The letter merely requests additional time to file a PCRA petition, which is a request that no court could grant. Because the PCRA does not offer a remedy for Pappas' request, we may not construe Pappas' letter as a PCRA petition.

Pappas did not file a substantive PCRA petition until December 23, 2013.[5] As the deadline for filing Pappas' PCRA petition was November 1,

_____

[5] We recognize that Pappas' PCRA petition was mailed from a state penitentiary, and thus we would deem the filing date to be the date that it was deposited with prison authorities for mailing pursuant to the "prisoner mailbox rule." ***See Houston v. Lack***, 487 U.S. 266 (1988); ***Smith v.***
*(Footnote Continued Next Page)*

2013, the December 23, 2013 petition is facially untimely. A court may consider an untimely PCRA petition if the petitioner pleads and proves one of the statutorily enumerated exceptions to the PCRA's time bar. ***See*** 42 Pa.C.S. § 9545(b)(1). The PCRA lists these three exceptions as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

***Pennsylvania Bd. of Prob. & Parole***, 683 A.2d 278 (Pa. 1996). However, Pappas' petition is not dated, and he has not provided any record of the date on which the petition was mailed. As Pappas' petition was not docketed until December 23, 2013, it is inconceivable that the petition could have been mailed prior to the filing deadline of November 1, 2013, almost two months prior to the docketing date. As such, Pappas December 23, 2013 PCRA petition was untimely, even by a generous application of the "prisoner mailbox rule."

42 Pa.C.S. § 9545(b).

Pappas' December 23, 2013 petition does mention a fact which Pappas claimed was unknown to him during his trial—that the fire escape doors to the apartment building allegedly were nailed shut. PCRA Petition, 12/23/2013, at 3, ¶ (B). Pappas claims to have learned this fact through discovery in the civil suit filed against him, which arose from the arson. This is the closest that Pappas comes to pleading a "newly discovered fact" exception under 42 Pa.C.S. § 9545(b)(1)(ii). Pappas does not address the other timeliness exceptions in any form or fashion.

In discussing the requirements of the "newly discovered fact" exception, the PCRA court applied an erroneous standard. The PCRA court focused its analysis upon the possibility that the newly discovered fact would have affected the outcome of Pappas' trial. The PCRA court concluded that "[because] this evidence would not have made a difference at trial, [Pappas] cannot establish an [e]xception to the PCRA's timeliness requirement." PCRA Opinion, 4/3/2014, at 8. The PCRA court's standard conflates the requirements of the timeliness exception with a substantive claim for relief based upon "after-discovered evidence." **See** 42 Pa.C.S. § 9543(a)(2)(vi). "However, an after-discovered evidence claim and the timeliness exception based on previously unknown facts are distinct, and the issues are analyzed differently." **Commonwealth v. Davis**, 86 A.3d 883, 891 n.7 (Pa. Super. 2014) (citation omitted). A petitioner seeking to meet the timeliness exception of 42 Pa.C.S. § 9545(b)(1)(ii) need not prove that the previously

unknown fact would have changed the outcome of the trial; rather, as the plain text of the statute indicates, the petitioner need only establish that: 1) "the facts upon which the claim was predicated were unknown" and 2) "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii); *see also Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007). Although the PCRA court applied the incorrect standard, "we may affirm the PCRA court's decision on any basis." *Commonwealth v. Charleston*, 94 A.3d 1012, 1028 (Pa. Super. 2014) (citation omitted). For the reasons that follow, we agree with the PCRA court's resolution.

While Pappas was not required to prove that the newly discovered fact would have made a difference in his trial, he nevertheless failed to plead, prove, or argue the exception sufficiently. Pappas does not describe the manner by which he discovered the fact about the fire escape door, so we are uncertain as to whether it came from a police or fire report, from a deposition, or otherwise. Pappas does not offer any explanation as to why he could not have ascertained this fact earlier through the exercise of due diligence. Furthermore, Pappas did not attempt to prove that he filed his petition within sixty days of discovering the new fact. *See* 42 Pa.C.S. § 9545(b)(2).

Perhaps most significantly, Pappas has failed to argue the applicability of the newly discovered fact exception in his brief. As such, we will not discuss the merits of the newly discovered fact issue. "The court will not

become the counsel for an appellant, and will not, therefore, consider issues . . . which are not fully developed in his brief." ***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006) (citation and internal quotation marks omitted); ***see also*** Pa.R.A.P. 2119(a). As such, we may conclude only that Pappas has failed to meet the requirements of 42 Pa.C.S. § 9545(b)(1)(ii).

Because Pappas' October 29, 2013 letter was not a PCRA petition, and because Pappas' untimely December 23, 2013 petition fails to meet any timeliness exception to the PCRA's time bar, we conclude that the PCRA court did not err in denying Pappas' petition without a hearing. As Pappas' PCRA petition was untimely, neither the PCRA court nor this Court possess jurisdiction to provide relief on Pappas' claims. ***See Williams***, 105 A.3d at 1239.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/1/2015